Oldham, J. This case is different from that of Campbell v. Thruston, 1 Eng. R. 441. In that case the cause was submitted to the court sitting as a jury., and the evidence was heard and decided upon by the court; but in the present case the facts were agreed upon and submitted to the court. No evidence was heard and no facts were to be found upon testimony. The case stands in the same position as if a jury had returned a special verdict, finding the same facts, leaving it to the court to determine the law upon the facts. We are, therefore, of opinion that a writ of error will lie to the decision of the court in such a case. The action was properly brought, and the Justice had jurisdiction. The case of Jones v. Hoar, 5 Pick. R. 285, does not support the position assumed by the plaintiff in error. In that case a trespass had been committed, and it did not appear that the timber, which had been cut and carried away, had been converted into money, and the court held that the plaintiff could not waive the tort and maintain as-sumpsit for the value of the timber. In this case the party came to the possession of the whiskey peaceably. He committed no trespass. The case is precisely similar to that of Hill v. Davis, 3 N. Hamp. R. 384, in which the court said, “The stones belonged to the plaintiff, and that the defendant took them and converted them to his own use. The cases to which we have alluded fully warrant us in holding that the defendant is not to be permitted to say, that he took them by wrong, and not by contract.” And so we hold in the case now before the court. Judgment affirmed.